Opinion filed July 10, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00159-CV
_____

## JAY ANTHONY, Appellant

## V.

## THE BOARD OF ADJUSTMENT OF THE CITY OF STEPHENVILLE, TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV31528**

### M E M O R A N D U M   O P I N I O N

The zoning ordinance of the City of Stephenville is the centerpiece of this litigation. The manner in which the City applied it to property owned by Jay Anthony is the subject of this appeal. In a writ of certiorari proceeding filed by Anthony following adverse Board of Adjustment action, the trial court granted the City's plea to the jurisdiction and motion for summary judgment, and it denied the motion for summary judgment that Anthony filed. We affirm.

Anthony owned property within the City of Stephenville. He wanted to build a business on the property, and on October 25, 2010, Anthony, his wife Jamie, and Ann Correll—manager-to-be at the proposed new store—met with Betty L. Chew, the Director of Community Development for the City, and discussed their plans with her. The proposed business was to be a 7,811 square foot convenience store with two enclosed drive-through lanes. Chew informed them that the proposed use was not a classified use under the City's zoning ordinance and therefore was not permitted.

Thereafter, Chew placed an item on the agenda of the planning and zoning commission's December 15, 2010 meeting. The agenda item called for consideration of an amendment to the zoning ordinance that would classify the use and therefore allow the construction of a convenience store with drive-through service. The commission voted to table the item until its January 2011 meeting. At the January 19, 2011 meeting, a motion was made to place the property in a different classification so that the use would be allowed. The motion failed to pass.

On March 1, 2011, the proposed amendment was before the city council, and it referred the proposal back to the planning and zoning commission. The proposal was again before the city council on April 5, 2011, and once again, it referred the matter to the planning and zoning commission. No reclassification proposals were ever sent to the city council. Although we do not believe it to be decisive of the issues in this appeal, we do note that no appeals were taken as to anything that occurred from the time of the first meeting with Chew through the April 5, 2011 referral to the planning and zoning commission.

On August 22, 2011, Shawn Felton signed an application for a commercial building permit for construction of a structure on property located at 1303 West South Loop, South Side, Block 35, Lot 27, in the City of Stephenville. The

2

application shows that Jay and Jamie Anthony were the property owners and that Felton was the general contractor. The application was for a commercial building permit for "Cowboys Convenience Store" with drive-through service. By letter dated September 30, 2011, the city attorney informed Anthony's attorney that the proposed use was not allowed in a B-2 district under the City's zoning ordinance. No appeal was taken from this action.

On November 10, 2011, Jamie Anthony signed an application for a commercial building permit for construction of a structure on property located at 1303 West South Loop, South Side, Block 35, Lot 27, in the City of Stephenville. As did the application filed by Felton on August 22, 2011, covering the same property, the November 10, 2011 application also shows that Jay and Jamie Anthony were the property owners. The proposed business name was "Cowboy Convenience Store." At Chew's request, the city attorney again notified Anthony's attorney that the use was not classified. He also notified the lawyer that the matter had already been decided and that there was no meaningful difference between the August application and the November application. On November 23, 2011, Anthony filed an appeal of the action on the second application to the Board of Adjustment. On December 19, 2011, the Board of Adjustment denied the appeal.

On December 28, 2011, Anthony filed his original petition and application for writ of certiorari in the district court. The City responded to the petition and application and also filed a plea to the jurisdiction and a motion for summary judgment. Anthony also filed his motion for summary judgment. As we have noted, the trial court granted the City's plea to the jurisdiction and motion for summary judgment and denied Anthony's motion for summary judgment.

Anthony brings four issues for us to decide. First, he claims that the City's real reason for its denial of a permit was that beer and wine would be sold through the drive-through lanes, and he argues that the City cannot deny an application just

3

because beer and wine will be sold because the State has preempted that area. Next, Anthony maintains that the zoning ordinance is silent as to drive-through lanes; that the City has allowed other businesses to have drive-through lanes; and that, therefore, the City could not deny him a permit on that basis. In his third issue on appeal, Anthony claims that any procedural defects were waived by the City when it heard and acted upon his second application. Lastly, in his fourth issue on appeal, Anthony asserts that a takings claim is in fact ripe for decision.

First, we note that we need not discuss the fourth issue. Both parties agree that the takings claim was omitted from an amended petition and therefore was not before the trial court.

Because we believe it to be dispositive, we will first address Anthony's third issue on appeal. Below, the City took the position that Anthony's second application for a building permit was not materially different from the first and that, because he did not appeal the denial of the first application to the Board of Adjustment, he had not exhausted his administrative remedies and the trial court was without jurisdiction. Through his third issue, Anthony challenges the City's position and claims that the second application was a different application and that he timely appealed that denial to the Board of Adjustment. Anthony agrees that he did not appeal the denial of the first application, but he argues that he did file an appeal from the denial of the second application, one that he maintains is materially different from the first one.

Subject-matter jurisdiction is essential to the authority of a trial court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. *Tex. Dep't of Criminal Justice v. Miller*, 51

4

S.W.3d 583, 587 (Tex. 2001). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the pleadings illustrate incurable defects in jurisdiction, a plea to the jurisdiction is properly granted. *Id.* at 226–27.

Section 211.010(b) of the Texas Local Government Code requires that a person who wishes to appeal a decision made by an administrative official to the board of adjustment must do so "within a reasonable time as determined by the rules of the board." TEX. LOC. GOV'T CODE ANN. § 211.010(b) (West 2008). The time set forth in the City's zoning ordinance is "ten days after the date of [the] decision of the Enforcing Officer." STEPHENVILLE, TEX., ZONING ORDINANCE § 21.1B(6) (March 1, 2006).

Generally, a party must exhaust his administrative remedies before he may obtain judicial review of an administrative official's decisions. *Lazarides v. Farris*, 367 S.W.3d 788, 798 (Tex. App.—Houston [14th Dist.] 2012, no pet.). If a party fails to comply, a trial court is deprived of jurisdiction to hear the case. *Id.* Subject-matter jurisdiction cannot be waived. *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004); *City of McKinney v. Eldorado Park, Ltd.*, 206 S.W.3d 185, 193 (Tex. App.—Eastland 2006, pet. denied).

The property is located within zoning district B-2. The City's zoning ordinance for property located in zoning district B-2 contains a classification for a convenience store. Section 3 of the ordinance provides that a "convenience store" is "[a]ny area of land including the structures thereon (except that the primary building shall not exceed 2000 square feet) that is used to provide goods and services to a neighborhood including food products, snacks, newspapers, household cleaning supplies, paper goods, lottery tickets, and gasoline."

It is necessary for us to examine both the August 22, 2011 application and the November 10, 2011 application. Anthony maintains that the first and second applications are different in two significant ways. The first application was for the construction of "Cowboys Convenience Store," a convenience store with drive-through service. The description of the structure showed 1,742 square feet of office space, 1,493 square feet of storage or warehouse space, 4,576 square feet of public or public drive, and 0 square feet of "other," for a total of 7,811 square feet.

Anthony's argument is that the second application was different in two major ways. First, the second application was for a "retail store other than listed," a category provided for in the B-2 zoning district, rather than a "convenience store" as in the first. Second, the drive-through lanes shown in the first application were designated as "covered customer parking" in the second application.

We agree with the City's position that the second application is essentially the same as the first and did not materially change the nature of the case as required in the zoning ordinance. The description of the structure in the second application showed 631 square feet of office space, 1,456 square feet of storage or warehouse space, 1,148 square feet of public or retail space, and 4,576 square feet of "other," for a total of 7,811 square feet, the same total footage as contained in the original application. The differences appear to be the result of (1) deducting 1,111 square feet from the "office space" category and 37 square feet from the "storage or warehouse space" category, as shown in the first application, and using the total of those two figures to comprise 1,148 square feet of "public or retail space" in the second application, and (2) moving 4,576 square feet, shown as "public or public drive" in the first application, to the "other" category in the second application. The business name in the second application is essentially the same as in the first, "Cowboy Convenience Store" as opposed to "Cowboys Convenience Store." The plan submitted with the second application is the same

as the first with the exception that, although the drive-through lanes shown in the first application are still there, they have been relabeled as covered customer parking, and Anthony posits that the area is now covered parking although one could drive through and shop from a vehicle if he or she wanted.

Anthony also argues that his proposed business cannot fall in the "convenience store" category as defined in the ordinance because it exceeds 2,000 square feet in size. Therefore, because it does not fit the definition of a convenience store, the use qualifies as "retail store other than listed" as provided for in the zoning ordinance. And, the argument goes, the result is that the second application materially changes the nature of the case. Further, according to Anthony, the end result is that he filed a new application, which was denied; that he timely appealed that denial to the Board of Adjustment; and that the trial court had jurisdiction.

The City counters that the zoning classification pertains to "retail store *other than listed*" and that, because a convenience store is explicitly listed, the classification "retail store other than listed" is not a use that is available to Anthony. Through its city attorney, the City notified Anthony that the second application was denied because the matter had already been decided. The City did not otherwise rule on the application.

We hold that the second application submitted by Anthony is essentially the same as the first application that he submitted and that the second application did not materially change the nature of the case as set forth in the zoning ordinance. Because Anthony did not appeal from the denial of the first application, the trial court was without jurisdiction and properly granted the City's plea to the jurisdiction. We overrule Anthony's third issue on appeal. Because we have held that the trial court did not have jurisdiction in this case, we need not consider Anthony's remaining issues.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

July 10, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.